## SALLIE WALLACE v. THE STATE.

1. REASONABLE DOUBT. — The "exclusion of any reasonable belief" of the defendant's innocence is not tantamount to a "reasonable doubt" of his guilt. The law presumes his innocence until his guilt is established by the evidence, not to the exclusion of a reasonable belief of his innocence, but beyond a reasonable doubt of his guilt.

2. CIRCUMSTANTIAL EVIDENCE. — When the inculpatory evidence was exclusively circumstantial, it was error to refuse a correct instruction to the jury on the cogency of such evidence requisite to warrant a conviction.

APPEAL from the District Court of McLennan. Tried below before the Hon. L. C. ALEXANDER.

This appeal is from a second conviction for the crime of infanticide. The case on a former appeal will be found at p. 570 of 7 Texas Court of Appeals Reports. At the last trial, as upon the first, the conviction was for murder in the second degree, and five years in the penitentiary the punishment awarded the appellant.

*Herring, Kelley & Williams*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The judge, in his charge to the jury on the subject of reasonable doubt, employed, among others, the following expression: "Before you can convict the defendant, all the material facts proven to your satisfaction should lead to and establish the conclusion that she is guilty,

to the exclusion of any reasonable belief to the contrary."
This portion of the charge is calculated to convey to the
minds of the jury an erroneous impression, in that it may
be construed as varying the rule of law, and to qualify its
meaning and scope, and the manifest design and operation
of the legal presumption of innocence.

Our Code of Procedure lays down the principle involved,
in the following language : " The defendant in a criminal
case is presumed to be innocent until his guilt is established
by legal evidence ; and in case of reasonable doubt as to
his guilt, he is entitled to be acquitted." Code Cr. Proc.,
art. 727. The presumption of innocence continues until
his guilt is established by legal evidence, and if the jury
have a reasonable doubt as to his guilt, he is entitled to an
acquittal. The legal presumption of innocence is not re-
moved, or the jury entitled to convict, until the guilt of the
accused is established by the evidence, not to the exclusion
of a reasonable belief to the contrary, but beyond a reason-
able doubt.

The presumption of innocence has been classed as one of
two " great cardinal maxims, which may be said to be writ-
ten on the portals of every criminal court, and to hang
over an accused like an ægis of protection from the moment
he is placed at its bar for trial." *Hampton* v. *The State*,
1 Texas Ct. App. 652, and authorities there cited. Charges
quite similar to that quoted above have several times been
before this court and held to be erroneous. See *Blocker* v.
*The State* (*ante*, p. 279), from the same county, decided at
the present term, and citing cases not yet published in
the Reports.

Again : Counsel for the defendant requested the court, on
the trial below, to give to the jury what we deem to be an
appropriate instruction on the subject of circumstantial
testimony, and the certainty to which it must tend in order
to warrant the jury in convicting upon circumstantial evi-
dence alone, which the court refused to give. The refusal

to give this instruction was error. *Hunt* v. *The State*, 7 Texas Ct. App. 212, and authorities cited.

Other charges were asked by the defendant's counsel, which, in our opinion, are sufficiently embraced in the general charge of the court. We are also of opinion the court did not err in its rulings on the evidence, as shown by bill of exceptions embraced in the record. With the two exceptions in the charge as specified above, the instructions given by the judge to the jury are a careful and appropriate enunciation of the law, when considered with reference to the facts proved; but for those errors the judgment must be reversed and the cause remanded.

*Reversed and remanded.*